# AFFIDAVIT

I, Special Agent Garrett Nabors, being duly sworn depose and state as follows:

## I. PRELIMINARY MATTERS

1. I am a Federal Agent, authorized to investigate violations of the laws of the United States, and I am a law enforcement officer with authority to execute arrest and search warrants issued under the authority of the United States.

2. I am a Special Agent with the Federal Bureau of Investigation ("FBI") currently assigned to the Washington Field Office. Your affiant has been employed by the FBI for approximately four years. Prior to his employment with the FBI, your affiant was employed as a U.S. Army Officer. As a Special Agent with the FBI, your affiant has worked on cases involving domestic terrorism, including white supremacist extremism, militia extremism, animal rights extremism, and civil right violations.

3. The information set forth in this Affidavit is known to me as a result of an investigation personally conducted by me and by other law enforcement agents. Thus, the statements contained in this Affidavit are based in part on information provided to me by other agents and investigators from the Washington Metropolitan Police Department ("MPD") and the FBI who have assisted the investigation. Statements in this Affidavit are also based in part on a review of records obtained during the investigation, interviews, and my training and experience as a law enforcement officer.

4. This Affidavit is being submitted for the limited purpose of supporting a criminal complaint. Thus, I have not set forth each and every fact learned during the course of the investigation. In addition, where conversations or statements are related herein, they are related in substance and in part except where otherwise indicated.

1

5. The facts and circumstances set forth in this Affidavit demonstrate that there is probable cause to believe that the subject of this investigation has violated federal criminal law, including but not limited to, 18 U.S.C. § 924(b) (Interstate Transportation of a Firearm and Ammunition), as well as District of Columbia criminal law, including but not limited to, 22 D.C. Code, Sections 401, 4502 (Assault with the Intent to Kill While Armed).

II. **SUBJECT INFORMATION**

6. **FLOYD LEE CORKINS II** was born on　　　　　　　His last known home address is　　　　　　　　　　　.

III. **FACTS ESTABLISHING PROBABLE CAUSE**

8. On August 15, 2012, at approximately 11:00 am, MPD Officers responded to reports of gunshots in the area of 8th Street and G Street, N.W., in Washington, D.C. During the course of the investigation, a witness, W-1, was identified and stated that a white male, later identified as FLOYD LEE CORKINS II, entered the office of the Family Research Council, located at 801 G Street, N.W., and encountered a security guard, Leonardo Reno Johnson, posted at the front door. W-1 told FBI Special Agents that CORKINS stated words to the effect of, "I don't like your politics."

9. Based on a review of the surveillance video from the Family Research Council, I know that after CORKINS interacted with Mr. Johnson, CORKINS retrieved a firearm from his backpack and pointed it at Mr. Johnson. CORKINS then began shooting at Mr. Johnson, striking him in the arm. After being wounded, Mr. Johnson moved towards CORKINS, wrestled the firearm away from CORKINS, and subdued him.

10. A second security guard called 911 and MPD officers responded and detained CORKINS. Special Agents from the FBI also responded to the scene and took CORKINS into

2

their custody.

11. Recovered from the scene was a loaded Sig Sauer 9mm pistol, along with two additional magazines loaded with 9mm ammunition. Recovered from CORKINS' person incident to his arrest was a wallet that contained a Virginia driver's license, in the name of Floyd Lee CORKINS II, bearing a photograph of his likeness, and listing an address of 12723 Builders Road, Herndon, Virginia. The wallet also contained a Metro farecard. MPD Officers also seized and examined CORKINS' backpack incident to arrest, and discovered a box of Federal brand 9mm ammunition, containing an additional fifty rounds of ammunition and fifteen sandwiches from Chick-fil-A. Based on my investigation, I know that a senior executive of Chick-fil-A, Inc., recently announced publicly his opposition to same-sex marriage. This announcement received substantial publicity. I further know that the Family Research Council is a Christian conservative policy organization which supports traditional marriage.

12. Following CORKINS' arrest, FBI Special Agents transported CORKINS to the FBI's Washington Field Office. During the transport, CORKINS identified himself by his true name and identified his residence as _ _. FBI Special Agents briefly questioned CORKINS in the interest of public safety about whether CORKINS had any associates in his activities and if CORKINS had a vehicle on the scene possibly containing weapons or explosives. CORKINS stated that he was acting alone and his vehicle was not parked in the vicinity of 8th Street, N.W. and G Street, N.W. CORKINS explained that he owned a Dodge Neon which was parked in a parking lot of the East Falls Church Metro station.

13. Later that day, on August 15, 2012, after CORKINS provided a description of his vehicle to the FBI, an FBI Special Agent and an MPD officer located a silver 2004 Dodge Neon,

3

bearing Virginia registration number JNT-8624, in the parking lot of the East Falls Church Metro station. A check of the Virginia registration number JNT-8624 revealed that the vehicle was registered to Jacqueline Shenise Corkins and Floyd Lee Corkins, residing at 12723 Builders Road, Herndon, Virginia. Visible from outside the Vehicle was an open black box resembling a gun box, located on the front passenger seat of the Vehicle.

14. FBI Special Agents interviewed Jacqueline Shenise Corkins and Floyd Lee Corkins, who stated that they are the parents of Floyd Lee Corkins II. They also stated that Corkins has been living at the Residence up to the present date, and left the Residence at approximately 9:00 am on August 15, 2012. Corkins' parents informed the FBI Special Agents that Corkins has strong opinions with respect to those he believes do not treat homosexuals in a fair manner.

## IV. CONCLUSION

15. Based on the facts set forth above, your Affiant submits respectfully that there is probable cause to believe that FLOYD LEE CORKINS II traveled into the District of Columbia with a firearm and ammunition with the intent to commit a crime punishable by up to one year imprisonment, and with knowledge and reasonable cause to believe that an offense punishable by imprisonment for a term exceeding one year was to be committed therewith, to wit, Murder, in violation of 22 D.C. Code Section 2101. Accordingly, your Affiant submits that there is probable cause to believe FLOYD LEE CORKINS II has violated federal criminal law, specifically, 18 U.S.C. § 924(b) (Interstate Transportation of a Firearm and Ammunition). Finally, your Affiant submits that there is probable cause to believe FLOYD LEE CORKINS II has also committed a District of Columbia offense, specifically 22 D.C. Code, Sections 401, 4502 (Assault with the Intent to Kill While Armed).

FURTHER YOUR AFFIANT SAYETH NOT.

Jarrett Nabors
Special Agent
Federal Bureau Investigation

Sworn and subscribed to this ___ day of August 2012

ALAN KAY
UNITED STATES MAGISTRATE JUDGE

5