

U.S. Department of Justice

Ronald C. Machen Jr.
United States Attorney

*District of Columbia*



___

*Judiciary Center*
*555 Fourth St , N W*
*Washington, D C 20530*

December 6, 2012

**VIA E-MAIL**

David Bos, Esq.
Office of the Federal Public Defender
625 Indiana Ave. NW
Washington, DC 20004

    Re:   **United States v. Floyd L. Corkins, II**
           CR 12-182.(RWR)

Dear Mr. Bos:

    This letter sets forth the full and complete plea offer to your client, Floyd L. Corkins, II (the "defendant" or "your client"), and the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). This plea offer will expire at 5:00 p.m. on January 4, 2013. If your client accepts the terms and conditions of this plea offer, please have him execute this document in the space provided below. Upon receipt of the executed document, this letter will become the "Plea Agreement." The terms of the offer are as follows:

    1.     **Charges**.

    Your client agrees to plead guilty to three counts of the pending Indictment: Count One – Interstate Transportation of a Firearm and Ammunition, in violation of 18 U.S.C. § 924(b); Count Two – Assault with Intent to Kill while Armed, in violation of D.C. Code §§ 22- 401, 4502 (2001 ed.); and Count Four – Act of Terrorism while Armed, in violation of D.C. Code §§ 22-3152, 3153 and 4502 (2001 ed.).

    2.     **Statutory penalties, supervised release, fines, assessments, restitution, etc.**

    Your client understands that pursuant to 18 U.S.C. § 924(b), Count One carries a penalty of not more than 10 years imprisonment. In addition, Count One carries a period of supervised release of not more than three years but not less than one year (see 18 U.S.C. § 3583; United States Sentencing Commission, Guidelines Manual (2012) (hereinafter, "U.S.S.G.")

§ 5D1.2), a fine in the amount of $250,000, for among other reasons, to pay the federal government the costs of any imprisonment (see 18 U.S.C. § 3571(b)(3); U.S.S.G. § 5E1.2), a $100 special assessment (see 18 U.S.C. § 3013; U.S.S.G. § 5E1.3), a mandatory order of restitution to victim Leonardo Reno Johnson and other identifiable victims (see 18 U.S.C. § 3663A; U.S.S.G. § 5E1.1(a)), and an obligation to pay any applicable interest or penalties on fines and restitution not timely made (see 18 U.S.C. § 3612(f)).

Your client understands that pursuant to D.C. Code §§ 22-401, 4502 (2001 ed.), Count Two carries a penalty of not less than 5 years or more than 30 years imprisonment. In addition, Count Two carries a period of supervised release of not more than five years (see D.C. Code § 24-403.01), a special assessment of between $100 and $5000 (see D.C. Code § 4-516), and an order of restitution to victim Leonardo Reno Johnson and other identifiable victims (see D.C. Code § 16-711). There is no statutory criminal fine associated with a violation of D.C. Code §§ 22-401, 4502.

Your client understands that pursuant to D.C. Code §§ 22-3152, 3153, and 4502 (2001 ed.), Count Four carries a penalty of not less than 5 years or more than 30 years imprisonment. In addition, Count Four carries a period of supervised release of not more than five years (see D.C. Code § 24-403.01), a special assessment of between $100 and $5000 (see D.C. Code § 4-516), and an order of restitution to victim Leonardo Reno Johnson and other identifiable victims (see D.C. Code § 16-711). There is no statutory criminal fine associated with a violation of D.C. Code §§ 22-3152, 3153 and 4502.

Your client understands that he will be sentenced according to 18 U.S.C. § 3553(a), and for Count One upon consideration of the guidelines and policies promulgated by the U.S.S.G., and for Counts Two and Four upon consideration of the guidelines and polices promulgated by the District of Columbia Voluntary Sentencing Guidelines (2010) (hereinafter, "D.C.V.S.G."), which will apply to determine your client's voluntary sentencing guideline ranges.

3. **Factual Stipulations**. Your client agrees that the attached Statement of Offense concerning your client fairly and accurately describes your client's actions and involvement in the offenses to which your client is pleading guilty. If your client accepts the terms and conditions of this plea offer, please also have your client execute the applicable Statement of Offense in the space provided, as well as initial each individual page, where indicated.

4. **Additional Charges**. Upon acceptance of this Plea Agreement by the Court and at the time of your client's sentencing, the Government will request that the Court dismiss the remaining counts in the Indictment. Your client, however, agrees and acknowledges that the charges to be dismissed at the time of sentencing were based in fact, and that your client is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law. Furthermore, other than the offenses to which your client agrees to plead guilty pursuant to this Plea Agreement, the United States agrees not to charge your clients with any other criminal offenses committed before execution of this Plea Agreement arising

2

out of the shooting incident that occurred on August 15, 2012. This paragraph does not apply to any other "crimes of violence," as that term is defined by 18 U.S.C. § 16 and D.C. Code § 22-3202, of which the government is unaware or any offenses which your client fails to disclose to us before entering into this Plea Agreement.

5. **Sentencing Guidelines Stipulations.** As indicated above, your client understands that his sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies in the U.S.S.G. and D.C.V.S.G. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentences, the parties stipulate to the following Sentencing Guidelines calculations:

## Count One – Interstate Transportation of a Firearm and Ammunition

a. **Offense Level**. The parties agree that the applicable U.S.S.G. guideline for Count One is that applicable to the charge of Interstate Transportation of a Firearm and Ammunition, in violation of 18 U.S.C. § 924(b). Accordingly, the parties agree that the applicable Guideline is U.S.S.G. § 2K2.1(a)(7), the base offense level is 12, and a 6-level enhancement is appropriate pursuant to § 2K2.1(b)(6)(B) because the firearm was used in connection with another felony offense. However, the parties further agree that, pursuant to §2K2.1(c)(1)(A), cross reference to § 2X1.1 (Attempt, Solicitation, or Conspiracy) is appropriate, and pursuant to § 2X1.1(c), further cross reference to § 2A2.1 (Assault with Intent to Commit Murder; Attempted Murder) is appropriate because that Guideline expressly covers the attempt felony offense of attempted murder. Accordingly, pursuant to § 2A2.1(a)(1), the **base offense level is 33**, and a 4-level enhancement is appropriate pursuant to § 2A2.1(b)(1) because the victim Leonardo Reno Johnson sustained permanent or life-threatening bodily injury.

(1). **Downward Adjustment for Acceptance of Responsibility**.

The Government agrees that a 2-level reduction will be appropriate, pursuant to U.S.S.G. § 3E1.1, provided that your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution, adherence to every provision of this Plea Agreement, and conduct between entry of the plea and imposition of sentence. Furthermore, assuming your client has accepted responsibility as described in the previous sentence, the Government agrees that an additional 1-level reduction will be appropriate, pursuant to U.S.S.G § 3E1.1(b), because your client has assisted authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

Nothing in this Plea Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, and/or imposition of an adjustment for obstruction of justice, pursuant to U.S.S.G. § 3C1.1, regardless of any stipulation set forth above, should your client move to withdraw his guilty plea after it is entered, or should it

3

be determined by the Government that your client has either (a) engaged in conduct, unknown to the Government at the time of the signing of this Plea Agreement, that constitutes obstruction of justice, or (b) engaged in additional criminal conduct after signing this Plea Agreement.

**Accordingly, the applicable adjusted offense level is 34.**

b. **Criminal History Category**. Based on the Government's investigation to date and representations from your client, the Government is not aware of any criminal convictions of your client. Accordingly, your client's Criminal History Category is I.

c. **Estimated Guideline Range/Sentence**. Based upon the calculations set forth above, your client's estimated sentencing guidelines range for the offense would be 151-188 months. However, pursuant to 18 U.S.C. § 924(b) and U.S.S.G. § 5G1.1(a), the statutorily-authorized maximum sentence for the offense (i.e., 120 months) is greater than the minimum recommended guideline sentence of 151 months under the U.S.S.G. Therefore, the statutorily-authorized maximum sentence for the offense of 120 months shall be the guidelines sentence (the "Stipulated Guidelines Sentence for Count One").

The parties agree that, solely for the purposes of calculating the applicable range under the U.S.S.G., neither a downward nor upward departure from the Stipulated Guidelines Sentence for Count One set forth above is warranted. Accordingly, neither party will seek any departure to the Stipulated Guidelines Sentence for Count One, nor will either party suggest that the Court consider such a departure.

The parties further agree that a sentence within the Stipulated Guidelines Sentence for Count One would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a). However, your client reserves the right to seek a sentence below the Stipulated Guidelines Sentence for Count One based upon factors to be considered in imposing a sentence pursuant to 18 U.S.C. § 3553(a).

**Count Two – Assault with Intent to Kill while Armed**

a. **Offense Severity Group**. The parties agree that pursuant to Appendix C of the D.C.V.S.G., the applicable offense severity group for Count Two, Assault with Intent to Kill while Armed is offense severity group 3.

b. **Criminal History Score**. Based on the Government's investigation to date and representations from your client, the Government is not aware of any criminal convictions of your client. Accordingly, your client's Criminal History Score is A.

c. **Estimated Guideline Range/Sentence**. Based upon the calculations set forth above and pursuant to Appendix A of the D.C.V.S.G., your client's estimated sentencing guidelines range for the Count Two is 90-180 months ("Estimated Guidelines Range for Count Two").

4

However, pursuant to D.C.V.S.G. § 5.2.1(4), the Court could depart upward from this range if it determined that the "crime committed or attempted was substantially premeditated, as evidenced by a high degree of planning or sophistication or planning over an extended period of time."

### Count Four – Act of Terrorism while Armed

      a.    **Estimated Guideline Range/Sentence**. The parties agree that the D.C.V.S.G. does not assign an offense severity group for Count Four, Act of Terrorism while Armed. Accordingly, there is no estimated sentencing guidelines range for Count Four.

Your client fully and completely understands that the final determination of his sentence will be made by the Court, which must consult with and take into account the U.S.S.G. and D.C.V.S.G., but which is not bound by either of those guidelines. Your client understands that the failure of the Court or the Probation Office to determine the guideline ranges in accordance with the above calculations will not void this Plea Agreement or serve as a basis for the withdrawal of your client's plea. Your client understands and agrees that your client will not be allowed to withdraw his guilty plea entered pursuant to this Plea Agreement solely because of the harshness of any sentence recommended by the Probation Office or imposed by the Court, and that a motion to withdraw the plea on that basis may be treated by the United States as a breach of this Plea Agreement.

Your client acknowledges that your client's entry of a guilty plea to the charged offenses authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive.

6.    **Allocution.** Your client understands that, except as limited by the provisions of Paragraph 5, the Government reserves its full right of allocution for purposes of sentencing. The Government reserves the right to describe fully, both orally and in writing, to the sentencing judge the nature and seriousness of your client's misconduct, including any misconduct not described in the charges to which your client is pleading guilty. The Government also reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this Plea Agreement.

Your client also understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding before the Bureau of Prisons.

7.    **Conditions of release pending sentencing.** Your client agrees not to object to the Government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. § 3143, your client be detained without bond pending your client's sentencing in this case.

8. **Waiver of Constitutional and Statutory rights.** Your client understands that by pleading guilty in this case he agrees to waive certain rights afforded by the Constitution of the United States and/or by statute, including the right to plead not guilty and the right to a jury trial. At trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against him, to compel witnesses to appear for the purpose of testifying and presenting other evidence on your client's behalf, and to choose whether to testify himself. If your client chose not to testify at a jury trial, your client would have the right to have the jury instructed that his failure to testify could not be held against him. Your client would further have the right to have the jury instructed that he is presumed innocent until proven guilty, and that the burden would be on the United States to prove his guilt beyond a reasonable doubt. If your client was found guilty after a trial, he would have the right to appeal their convictions.

Your client understands that the Fifth Amendment to the Constitution of the United States protects him from the use of self-incriminating statements in a criminal prosecution. By entering a plea of guilty, your client knowingly and voluntarily waives or gives up his right against self-incrimination.

9. **Forfeiture.**

a. Your client agrees to waive his interest in and not to contest the administrative forfeiture of the following property: Sig Sauer P229 22LR pistol, Serial # AJ406922. Your client acknowledges and agrees that the Government reserves its right to bring a civil action(s), if necessary, in any jurisdiction for the forfeiture of the above-referenced property.

b. Your client agrees that the proffer of evidence supporting his guilty plea is sufficient evidence to support the above-referenced forfeiture. By this Plea Agreement, your client agrees that he has waived any and all interest he has in the above-referenced property and consented to its forfeiture by whatever process the government chooses. Your client agrees that the government may use this waiver and consent in any administrative or judicial forfeiture proceeding, whether criminal or civil, state, local or federal. If your client has filed a claim to the above-referenced property in any forfeiture process, he hereby agrees to withdraw it. He also agrees that he will not file a claim to the above-referenced property in any future forfeiture proceeding of whatever type.

c. Your client agrees that the Government may choose in its sole discretion how it wishes to accomplish forfeiture of the above-referenced property whose forfeiture he has consented to in this Plea Agreement, whether by criminal or civil forfeiture, using judicial or non-judicial forfeiture processes. If the government chooses to effect the forfeiture provisions of this Plea Agreement through the criminal forfeiture process, your client agrees to the entry of orders of forfeiture for such property and waives the requirements of Federal Rule of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Your client understands that the forfeiture of assets is part of the sentence that may be imposed in this case, and it waives any failure by the Court to advise it of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time of its guilty plea. Your client agrees to take all steps as requested by the Government to pass clear title to forfeitable interests or to property to the United States and to testify truthfully in any

judicial forfeiture proceeding.

    d.  Your client agrees to waive all constitutional and statutory challenges in any manner (including, but not limited to, direct appeal) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

    e.  In the event that the law enforcement agency having custody of the property decides not to pursue forfeiture of the above-referenced property, your client hereby abandons any interest he has in such property and consents to its destruction by the law enforcement agency.

  10.  **Restitution**. Your client understands that the Court has an obligation to determine whether, and in what amount, mandatory restitution applies in this case under 18 U.S.C. § 3663A.

  Payments of restitution shall be made to the Clerk of the Court. Your client agrees that he will submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. Your client promises that his financial statement and disclosures will be complete, accurate, and truthful.

  Your client expressly authorizes the U.S. Attorney's Office to obtain a credit report on him in order to evaluate your client's ability to satisfy any financial obligations imposed by the Court or agreed to herein.

  Your client understands and agrees that the restitution or fines imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, your client understands that the schedule of payments is merely a minimum schedule of payments and will not be the only method, nor a limitation on the methods, available to the United States to enforce the criminal judgment. If your client is sentenced to a term of imprisonment by the Court, your client agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the court specifically directs the participation or imposes a schedule of payments.

  Your client certifies that he has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by the Plea Agreement and/or that may be imposed upon him by the Court. In addition, your client promises that he will make no such transfers in the future until he has fulfilled the financial obligations under this Plea Agreement.

  11.  **Breach of agreement.** Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be

free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Plea Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Plea Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

Your client acknowledges discussing with you Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, rules that ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings in the event a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

Nothing in this Plea Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Plea Agreement or committed by your client after the execution of this Plea Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Plea Agreement shall constitute a breach of this Plea Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

12. **Waiver of Statute of Limitations**. It is further agreed that, should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

13. **Waiver of Right to Appeal**. Your client is aware that federal law, specifically 18 U.S.C. § 3742, affords your client the right to appeal his sentence. Your client is aware that the Government's factual stipulations and predictions about the calculation of the sentencing guidelines are not binding on the sentencing judge. Knowing that, your client waives the right to appeal his sentence or the manner in which his sentence was determined pursuant to 18 U.S.C. § 3742, except to the extent that (a) the Court sentences your client to a period of imprisonment longer than the statutory maximum, or (b) the Court departs upward from the applicable Sentencing Guideline range pursuant to the provisions of U.S.S.G. § 5K2 or based on a consideration of the sentencing factors

set forth in 18 U.S.C. § 3553(a). Further, your client reserves the right to make a collateral attack upon your client's sentence pursuant to 28 U.S.C. § 2255, if new and currently unavailable information becomes known to him. In agreeing to this waiver, your client is aware that his sentence has yet to be determined by the Court. Realizing the uncertainty in estimating what sentence the Court ultimately will impose, your client knowingly and willingly waives your client's right to appeal his sentence, to the extent noted above, in exchange for the concessions made by the Government in this Plea Agreement.

14. **Prosecution by Other Agencies/Jurisdictions.** This Plea Agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States government, including, but not limited to, the Tax Division of the United States Department of Justice; the United States Department of the Treasury, including the Internal Revenue Service; or any state or local prosecutor. These individuals and agencies remain free to prosecute your clients for any offense(s) committed within their respective jurisdictions.

15. **No Other Agreements.** No other agreements, promises, understandings, or representations have been made by the parties other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, you, and an Assistant United States Attorney for the District of Columbia, or made by the parties on the record before the Court.

Sincerely,

RONALD C. MACHEN JR.
United States Attorney
for the District of Columbia

T. Patrick Martin
Ann Petalas
Assistant United States Attorneys
National Security Section

## Defendant's Acceptance

I have read or had read to me this Plea Agreement and discussed it with my attorney, David Bos, Esq. I fully understand this Plea Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Plea Agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in this Plea Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

2.6.13
Date

Floyd L. Corkins, II

## Attorney's Acknowledgment

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Plea Agreement with my client, fully. These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Plea Agreement.

2.6.13
Date

David Bos, Esq.
Counsel for Floyd L. Corkins, II